IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT J. TROISE,<br><br>                Plaintiff,<br>v.<br><br>USAO UT DIST., et al.,<br><br>                Defendants. | REPORT AND RECOMMENDATION REGARDING MOTION TO DISMISS and ORDER STRIKING ORDER TO SHOW CAUSE<br><br>Case No. 2:15-cv-190<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke Wells |

      This matter is referred to the undersigned under 28 U.S.C. 636 (b)(1)(B) from Judge Clark Waddoups.[1] Pending before the court is Defendants Motion to Dismiss.[2] The undersigned notes that there is also currently pending an order to show cause that was entered on March 10, 2016. For the reasons set forth below the undersigned recommends that the Motion to Dismiss be DENIED and that the Complaint be served.

      Non-prisoner *pro se* Plaintiff Robert Troise filed this action in the United States District Court for the Northern District of Texas on November 20, 2014.[3] Mr. Troise alleges unlawful discrimination on the basis of age and gender under Title VII of the Civil Rights Act of 1964.[4] His Complaint centers on an application for employment at the U.S. Attorney's Office and the denial of that application.[5] Mr. Troise claims he was not given the position "because of me

---

[1] Docket no. 11.

[2] Docket no. 12.

[3] Docket no. 1.

[4] 42 U.S.C. § 2000e *et seq*.

[5] Complaint p. 2, docket no. 1.

being a older male."[6]  According to Plaintiff the position went to "a younger female with only 3 yrs experience."[7]

Mr. Troise's motion to proceed *in forma pauperis* was granted by the Northern District of Texas on March 4, 2015[8] and he submitted answers to that court's questionnaire on March 20, 2015.[9]  The Northern District of Texas transferred the case to this district on March 23, 2015.[10]  Defendants have not yet been served and following the transfer of the case to this district there was little activity in the case until the Motion to Dismiss was filed in December 2015.

Plaintiff did not respond to the Motion to Dismiss and the undersigned entered an order to show cause ordering a response.  Mr. Troise informed the court that he had called "numerous times" and was told to wait until he heard further from the court.[11]  The court entered a second order to show cause in an attempt to get a more detailed response from Mr. Troise.  After further considering the applicable IFP statute and the history of this case, the court STRIKES the Second Order to Show Cause.  Mr. Troise does not need to provide a response to that order.

Defendants move to dismiss the Complaint based upon Mr. Troise's failure to take affirmative steps to prosecute this case, including his failure to timely serve the Complaint as required by Federal Rule 4(m).[12]  Defendants argue "there is no indication that Plaintiff has made any effort to comply with the service rule."[13]  Rather, roughly nine months passed after the transfer of this case and Mr. Troise has "neither attempted to serve, nor requested the court order

---

[6] *Id.*

[7] *Id.*

[8] Docket no. 6.

[9] Docket no. 7.

[10] Docket no. 9.

[11] Response to order to show cause p. 1, docket no. 14.

[12] Fed. R. Civ. P. 4(m).

[13] Mtn. p. 3.

service of process by another person as authorized for those proceeding *in forma pauperis*."[14] The court is not persuaded by Defendants arguments.

Although it is ideal for a *pro se* plaintiff to take affirmative action to prosecute a case, a plaintiff proceeding *in forma pauperis* under 28 U.S.C. § 1915 is given more latitude.  When a plaintiff is allowed to proceed under the IFP statute, he is not required to perform any duties related to the issuance and service of process.[15]  Instead, the IFP statute provides that "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases."[16]  At the same time, however, the IFP statute allows the court to screen the complaint prior to issuing and serving process on the named defendants.[17]  If that screening reveals the complaint has merit, the court will order service of process.[18]  On the other hand, the court is required to dismiss the complaint if the screening process reveals that a plaintiff's allegation of poverty is untrue, the complaint is frivolous or malicious, the complaint fails to state claims on which relief may be granted, or if the complaint seeks relief from a defendant who is immune from the requested relief.[19]

Because it is the court, not Plaintiff, that is responsible for the issuance and service of process in this case, Defendants' arguments with respect to Plaintiff's failure to properly obtain or serve process must fail.  Moreover, when the Motion to Dismiss was filed, the court had not yet completed its screening of Plaintiff complaint under the IFP statute and, consequently, had not

---

[14] *Id.*

[15] *See e.g., Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) ("When a plaintiff is granted in forma pauperis status, the district court is required to serve process for the plaintiff."); *Kartignaer v. Juab County*, 2011 WL 4916601*1 (D.Utah Oct. 17, 2011) (noting that under § 1915(d) that it is not a plaintiff's responsibility to serve a complaint but the language directs that the court "'shall issue and serve process.'") (quoting 28 U.S.C. § 1915(d)).

[16] 28 U.S.C. § 1915(d).

[17] *See id.* § 1915(e)(2).

[18] *See id.* § 1915(d), (e)(2).

[19] *See id.* § 1915(e)(2).

made a determination about whether process should be served in this case. The court has now reviewed Plaintiff's Complaint, and under the broad standards given to *pro se* litigants, the court recommends that it be served based upon the IFP statute and that Defendants motion be DENIED.

## RECOMMENDATION

For the reasons set forth above the undersigned RECOMMENDS that Defendants Motion to Dismiss be DENIED. IT IS FURTHER RECOMMENDED that Plaintiff's Complaint be served.

Copies of this report and recommendation are being mailed to all parties who are hereby notified of their right to object. Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of Court.[20] Any objection must be filed within this deadline. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 6 April 2016.

Brooke C. Wells
United States Magistrate Judge

---

[20] *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72.