IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT J. TROISE,<br><br>                        Plaintiff,<br>v.<br><br>USAO UT DIST., et al.,<br><br>                        Defendants. | REPORT AND RECOMMENDATION REGARDING MOTION TO DISMISS and ORDER STRIKING ORDER TO SHOW CAUSE<br><br>Case No. 2:15-cv-190<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke Wells |

      This matter is referred to the undersigned based upon 28 U.S.C. 636 (b)(1)(B) from Judge Clark Waddoups.[1] Pending before the court is Defendants Motion to Dismiss.[2] The motion was filed on September 12, 2016 and to date, Plaintiff has failed to file any opposition. Under the Local Rules the time for any response has long since passed.[3] As set forth below, the undersigned recommends that the motion be granted.

      *Pro se* Plaintiff Robert Troise filed this action in the United States District Court for the Northern District of Texas on November 20, 2014.[4] Mr. Troise alleges unlawful discrimination on the basis of age and gender under Title VII of the Civil Rights Act of 1964.[5] His Complaint centers on an application for employment at the U.S. Attorney's Office and the denial of that application.[6] Mr. Troise claims he was not given the position "because of me being a[n] older

---

[1] Docket no. 11.

[2] Docket no. 20.

[3] DUCivR 7-1(b)(3) ("A memorandum opposing motions filed pursuant to Fed. R. Civ. P. 12(b)(, 12(c) and 56 must be filed within twenty-eight (28) days after service of the motion . . . .").

[4] Docket no. 1.

[5] 42 U.S.C. § 2000e *et seq.*

[6] Complaint p. 2, docket no. 1.

male."[7]  According to Plaintiff the position went to "a younger female with only 3 yrs experience."[8]

Mr. Troise's motion to proceed *in forma pauperis* was granted by the Northern District of Texas on March 4, 2015[9] and he submitted answers to that court's questionnaire on March 20, 2015.[10]  The Northern District of Texas transferred the case to this district on March 23, 2015.[11]

Defendants move to dismiss the Complaint arguing first that "neither the United States Attorney's Office for the District of Utah or the "USAO Washington, D.C." are proper parties to a lawsuit under Title VII or the ADEA."[12]  "Only the head of the agency may be named as a defendant."[13]  Second, Defendants assert Plaintiff's allegations fail to meet the necessary pleading standard to demonstrate the claims are plausible and therefore no relief can be granted.

STANDARD OF REVIEW

Mr. Troise is acting *pro se* so the court reviews his "pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys."[14]  "However, such liberal construction is intended merely to overlook technical formatting errors and other defects in [Plaintiff's] use of legal terminology and proper English."[15]  Plaintiff is not relieved of "the obligation to comply with procedural rules."[16]  And *pro se* "status does not require—much less

---

[7] *Id.*

[8] *Id.*

[9] Docket no. 6.

[10] Docket no. 7.

[11] Docket no. 9.

[12] Mtn. to Dismiss p. 2.

[13] *Id.*

[14] *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).

[15] *Felix v. City & Cty. of Denver*, 729 F. Supp. 2d 1243, 1246 n.1 (D. Colo. 2010) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[16] *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002).

permit—the Court to become [Plaintiff's] advocate or to devise arguments or claims for [him]."[17]

In reviewing a motion to dismiss for failure to state a claim, the court must "accept[] all well-[pleaded] facts as true and view[] them in the light most favorable to the plaintiff."[18] In doing so, however, the court may distinguish well-pleaded facts from mere legal conclusions that are not entitled to a presumption of truth.[19]

Local Rule 7-1(d) provides that a "Failure to respond timely to a motion may result in the court's granting the motion without further notice."[20]

DISCUSSION

The court has reviewed Defendants arguments and notwithstanding any response from Plaintiff, the court finds them persuasive. In 42 U.S.C §2000e-16(c) it provides that a civil action may be filed to redress any alleged discrimination in the hiring process and "the head of the department, agency, or unit as appropriate, shall be the defendant."[21] This court has previously held that a failure to name the proper defendants under Title VII or the ADEA was a basis for dismissal.[22]

Next, as noted by Defendants, in accordance with Federal Rule 8(a)(2) a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[23] The Supreme Court added some needed clarity to the notice pleading standards in *Bell Atl. Corp*

---

[17] *Felix*, 729 F. Supp. 2d at 1246 n.1.

[18] *Barnes v. Harris*, 783 F.3d 1185, 1191-92 (10th Cir. 2015).

[19] *Khalik v. United Air Lines,* 671 F.3d 1188, 1191 (10th Cir. 2012) (disregarding conclusory statements and looking "only to whether the remaining, factual allegations plausibly suggest the defendant is liable.").

[20] DUCivR 7-1(d) (2015).

[21] 42 U.S.C. §20003-16(c); *see also* 42 U.S.C. §2000e-5.

[22] *See Trentman v. Salazar*, 2010 WL 964426 (D.Utah March 15, 2010).

[23] Fed. R. Civ. P. 8.

*v. Twombly*[24] and *Ashcrot v. Iqbal*.[25] To survive a motion to dismiss a complaint must have "enough facts to state a claim to relief that is plausible on its face."[26] A plaintiff must therefore "nudge[] their claims across the line from conceivable to plausible [otherwise] their complaint must be dismissed."[27]

In *Ashcroft* the Supreme Court noted the principles that are at the foundation of its decision in *Twombly*. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[28] "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[29] And finally, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[30]

Here, Mr. Troise's Complaint states that he applied to the "USAO UT Dist and was not given the position, because of me being a older mail."[31] Mr. Troise alleges that the supervisor made up information regarding his experience to justify him not getting the position rather than

---

[24] 550 U.S. 544 (2007).

[25] 556 U.S. 662 (2009).

[26] *Twombly*, 550 U.S. at 570.

[27] *Id.*

[28] *Iqbal* 556 U.S. at 678 (citations omitted).

[29] *Id.* (citations omitted).

[30] *Id.*

[31] Complaint p. 1.

the real reason—that the position went to a younger female with only three years of experience. While the court is sympathetic to Mr. Troise's alleged difficulties, he fails to articulate the elements of a prima facie case of sex discrimination.[32]  As such the standards set forth in *Twombly*  and *Ashcroft* are not met and the court must dismiss his Complaint.

Finally, Local Rule 7-1(d) provides that a "Failure to respond timely to a motion may result in the court's granting the motion without further notice."[33]  Plaintiff's failure to respond provides an independent basis to grant the Defendants' motion.

---

[32] *See Bird v. Regents of N.M. State Univ.*, 619 F.App'x 733, 741 (10th Cir. 2015); *Plotke v. White*, 405 F.3d 1092, 1099 (10th Cir. 2005).

[33] DUCivR 7-1(d) (2015).

RECOMMENDATION

For the reasons set forth above the undersigned RECOMMENDS that Defendants Motion to Dismiss be GRANTED.

Copies of this report and recommendation are being mailed to all parties who are hereby notified of their right to object. Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of Court.[34] Any objection must be filed within this deadline. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 17 November 2016.

Brooke C. Wells
United States Magistrate Judge

---

[34] *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72.